All right, we'll hear 16-1178. Thank you, Your Honor. We were never here to quibble about the amount of a legal fee. Yes, it seemed rather extraordinary, but that's not why we're here. Why are you here? As I read your brief, you've conceded that you have no issue since the court struck the material from the supplemental appendix. Oh, but we very much have an issue with respect to that, and that material is on the record for this appeal, and that's what we are — No, it's not on the record. It was stricken, was it not? I don't — Didn't this court enter an order striking the supplemental appendix and all matters in the brief that depended on that supplemental appendix, and didn't you then file a brief or a filing saying there's nothing left, that the striking order — I mean, there's some somewhat vague order with respect to the brief, but I thought it was conceded that everything that was argued in the brief depended on the supplemental appendix. But the issue that we have with the legal fees, which has been addressed in our brief in detail, is that, in fact, this law firm has been overcompensated, and it has been overcompensated through the laundering of money under our noses in a sham LCIA arbitration. And that argument about money laundering is not exactly what was stricken? Your Honor, what I know is it's on this record, and it's in our brief for this argument. What am I to make of the brief that was filed on July 20th? I'm sorry. All right. No, never mind. Go ahead. Okay. One thing that seems not to have been touched on sufficiently here is that Bank Mutiara has, for virtually the entire existence of the company, been in all likelihood the most corrupt banking institution in what has been acknowledged in a — I'm sorry. Here's my question. What am I to make of the brief that was filed on June 21st, 2017, that says appellants concede that the May 9th, 2017, order of this Court striking the bulk of the appendix and of appellant's brief removes the issue upon which the appeal depended, and then concludes that this order moots the arguments raised by appellant on this appeal but should not affect other matters pending an appellant's separate appeal, which is the one that was just argued? But this part of the appendix was not — I mean, what am I to make of this reply brief? I just quoted you something. Is that incorrect? I don't believe that it was striking the contention that I am making now. You said it moots everything. It moots the arguments raised by appellant on this appeal, is what you said. And my concern only, as I came to this argument, was should we dismiss this appeal or should we just affirm, because there is a pending appeal that has not been withdrawn and no argument has been left, that challenges the attorney's fee order? Your Honor, if I have misapprehended what I wrote or what the Court determined — Well, I'm asking you to explain to me what it means to say that you concede that the May 9, 2017, removes the issue upon which the appeal depended, and then the conclusion, the May 9, 2017, order moots the arguments raised by appellant on this appeal. The arguments, plural, without exception, without any qualification, without saying we're still intending to argue X, Y, or Z. What am I to make of that? What do you make of it? Your Honor, if it is deemed to have mooted everything, then — I'm not deeming anything. I'm asking you what you meant when you said that that order moots the arguments raised on this appeal. I didn't say that. I didn't make it up. I didn't infer that. I didn't read that into some prior order. You said that. And I will stand by that, Your Honor. And, therefore, my argument, I take it, is, in fact, moot. Okay. But you're not withdrawing the appeal? No, Your Honor. Okay. Again, I believe this legal fee award is unconscionable in light of the history of what's happened here. And we have laid that out in our briefs. Okay? All right. Thank you. Mr. Greenwald? Just earlier in the procedural history of the fee appeal, we had sought dismissal, and this Court denied it. So I would suggest the Court simply, at this point, affirm Judge Crotty's fee order. Because there is an outstanding appeal. The appeal is not moot in the sense that the order still exists directing that they pay the attorneys' fees. So that's still a live issue. And I suppose one could dismiss an appeal as frivolous or something like that. But an appeal has been taken, and you're saying, since there is no longer an argument made against the validity of that, that this Court can take cognizance of, all we need to do is affirm. Yes, Your Honor. And also a prior panel did not dismiss when we moved to dismiss. So, therefore, I think the best course would be to affirm at this point. Thank you very much. We'll reserve the decision.